INGRAM, Justice.
Patrick Wayne Bunn was convicted of manslaughter in the shooting death of Jack McDaniel. At Bunn’s trial, the State presented evidence that, after the shooting, Bunn had fled Alabama. In response to this evidence and in order to explain his flight, Bunn attempted to solicit from Russell Edward Johnson, Bunn’s roommate at the time of the shooting, testimony that Johnson had told Bunn that McDaniel’s family had threatened Bunn’s life. The trial court, on objection from the prosecutor, refused to allow the testimony, holding that it was hearsay.
By a 3-2 vote, the Court of Criminal Appeals affirmed, agreeing that the statement was inadmissible hearsay; Judge Bowen, joined by Judge Taylor, dissented. See Bunn v. State, 611 So.2d 395 (Ala.Cr. App.1992).
We granted Bunn’s certiorari petition in order to review that holding. After reviewing the record and the applicable case-law, we reverse the judgment of the Court of Criminal Appeals.[1]
At trial, and in response to the prosecutor’s objection to Johnson's testimony, Bunn made the following offer of proof:
“For purposes of the record, we expect this witness to testify that he related that message to Patrick Wayne Bunn that his life had been threatened. Patrick Wayne Bunn left only after this threat had been related to him. And we think that explains the reason that he left town, and it should be let into evidence.”
“Hearsay” has been defined as “an out of court statement offered to prove the truth of the matter stated.” Ex parte Bryars, 456 So.2d 1136, 1138 (Ala.1984). Johnson’s statement that he told Bunn that McDaniel’s family had threatened Bunn’s life was not offered to prove that McDaniel’s family had actually threatened Bunn’s life, but rather to prove that Bunn left Alabama because he had been told that his life had been threatened. Stated differently, the statement was not offered to prove its truth, but to prove the effect it had on Bunn.
“If it is material to prove that a person at a specified time had been put on notice about a matter, or entertained a specified belief, acted in good or bad faith, had a specified motive to do or not to do an act or to do an act with a specified motive, or was mentally deranged, proof that a *401 statement was made to him prior to the time in question which was reasonably calculated to create, and which is offered for the purpose of showing, notice, belief, good or bad faith, motive or mental derangement is not violative of the hearsay rule.
“This same result would be reached under the Federal Rules of Evidence. By definition, no statement is hearsay unless offered to prove the truth of the matter asserted. Consequently, a statement constitutes nonhearsay when, as under the present theory, it is offered to prove the state of mind of the hearer.”
Charles Gamble, McElroy’s Alabama Evidence § 273.02 (4th ed. 1991).
Therefore, we hold that the testimony was proper to explain Bunn’s flight, an issue raised by the State. The trial court erred in excluding the testimony, and the Court of Criminal Appeals erred in affirming. Judge Bowen’s dissent correctly stated the law. We reverse the judgment of the Court of Criminal Appeals, and we remand this case to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

. We did not grant certiorari review to consider the issue dealt with in part II of the opinion of the Court of Criminal Appeals. That issue was whether certain statements of the prosecutor "constituted a comment on [Bunn’s] failure to testify." The Court of Criminal Appeals stated, "The prosecutor's comments ... were confined to the flight of Nelson, Wiggley, and Bunn before the defendant’s arrest, and thus these comments in no way refer to Bunn’s post-arrest silence." (Emphasis in original.) We point out that this Court has abolished the distinction between pre-arrest silence and post-arrest silence that had existed for purposes of determining whether a defendant’s right to remain silent was violated. See Ex parte Marek, 556 So.2d 375 (Ala.1989). However, because we reverse Bunn’s conviction based upon part I, we preter-mit any discussion of the alleged improper comment.